# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| DAVID A. KIRCHNER | : |
| DEBTOR | : BANKRUPTCY NO. 09-19636 SR |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

## Introduction

Before the Court is the Trustee's Application to Employ Kelly, Parker & Cohen LLP as Special Counsel. Mazza Vineyards, Inc., (Mazza) has filed an Objection. A hearing on the matter was held on April 15, 2010.[1] The parties briefed the issues. The Court next took the matter under advisement. For the reasons which follow, the Application will be granted in part and denied in part.[2]

## Background

Prior to bankruptcy, the Debtor had purchased a business which consisted of concession stands operating at the Pennsylvania Renaissance Faire. The Debtor filed suit against Mazza, the owner of the Faire, in state court. He was represented by Kelly

---

[1] Citations to the transcript of the hearing shall be as follows: T- .

[2] This ruling is within this Court's "core" jurisdiction as it constitutes a matter concerning administration of the estate. *See* 28 U.S.C. § 157(b)(2)(A)

Parker & Cohen LLP (KPC).[3] KPC withdrew from that representation before the litigation was concluded.

After the Debtor filed this bankruptcy, the Chapter 7 Trustee sought to prosecute the same claims against Mazza. To that end, she has filed an application to employ KPC as special counsel. Mazza has objected to that retention alleging a conflict of interest.

## Legal Standard

The Bankruptcy Code provides that a trustee may retain counsel for a special purpose, as opposed to general representation:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Under this section, special counsel may be appointed if: (1) the representation is in the best interest of the estate; (2) the attorney represented the debtor in the past; (3) the attorney is for a specific purpose approved by the court; and (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. *In re Philadelphia Newspapers, LLC*, 408 B.R. 585, 597 (E.D.Pa.2009). The application asserts that the representation in this instance would be in the best interests of the estate; that KPC has previously represented the Debtor; that KPC would

---

[3]Specifically, Mr. Anthony Parker, Esquire, of the firm was the attorney who handled the case. Mr. Parker testified at the hearing in support of the Application.

2

represent the estate in the same litigation which the Debtor had commenced against Mazza; and that KPC holds no adverse interest as to the Debtor.  *See* Application, ¶¶ 7-8, and Verified Statement of KPC attached as Ex. A to the Application.

**Conflict of Interest**

Despite KPC's statement that its proposed retention would be free from ethical constraint, Mazza maintains otherwise.  It contends that KPC's representation of the Trustee would create a conflict between the interests of a present and a former client of the firm.  On this score, § 327 of the Bankruptcy Code further provides:

> In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327(c).  Regardless of how limited it may be, an actual conflict of interest is a per se bar to appointment of a law firm.  *In re Marvel Entertainment Group,* 140 F.3d 463, 476 (3d Cir.1998)  The term "actual conflict of interest" is not defined in the Code and has been given meaning largely through a case-by-case evaluation of particular situations arising in the bankruptcy context.  *In re: BH & P, Inc.*, 949 F.2d 1300, 1315 (3d Cir.1991). Courts are accorded considerable latitude to use judgment and discretion in determining whether an actual conflict exists "in light of the particular facts of each case." *Id. citing In re Star Broadcasting, Inc.,* 81 B.R. 835, 844 (Bankr.D.N.J.1988).  Where a potential conflict of interest exists, the decision to disqualify is within the discretion of the court.  *In re Congoleum Corp.*, 426 F.3d 675, 692 (3d Cir. 2005)  The

3

presence of the appearance of impropriety standing alone is not a sufficient ground for disqualification. *Marvel Entertainment, supra,* 140 F.3d at 477.

**<u>Standing</u>**

At the outset, the Trustee challenges Mazza's right to raise the issue in question, insisting that Mazza lacks standing to appear and be heard on that issue herein. The Court is required to raise issues of standing *sua sponte* if such issues exist. *See Addiction Specialists, Inc. v. Township of Hampden,* 411 F.3d 399, 405 (3d Cir. 2005) *quoting Steele v. Blackman,* 236 F.3d 103, 134 n.4 (3d Cir. 2001) The Court notes that Mazza—although a creditor[4]—is not and has not been represented by KPC.

Federal Courts look to state disciplinary rules and the American Bar Association's Code of Professional Responsibility and Model Rules of Professional Conduct for guidance on disqualification issues. *David Cutler Industries, Ltd v. Direct Group, Inc., (In re David Cutler Industries, Ltd),* Case No. 09-373, Memorandum Opinion at 13 (Bankr.E.D.Pa. April 20, 2010). In the Eastern District of Pennsylvania, the District Court has adopted the Rules of Professional Conduct promulgated by the Supreme Court of Pennsylvania as the standards for professional conduct of lawyers admitted to practice in this district. *Id.* The Preamble and Scope preceding the Pennsylvania Rules of Professional Conduct are instructive in this regard. They point out that the legal profession is largely self-governing; that the profession's relative autonomy carries with it special responsibilities of self-government; that every lawyer is responsible for

---

[4]*See* Debtor's Schedule F.

4

observance of the Rules of Professional Conduct; and that a lawyer should also aid in securing their observance by other lawyers. *See* Rules of Professional Conduct, Preamble and Scope ¶¶ [10]-[12] Any attorney, not just a former client's attorney, has standing, and, indeed, the obligation, to call a conflict of interest to the attention of the court because attorneys must report any actual or potential ethical violations. *In re Pittsburgh Corning Corp.,* 308 B.R. 716, 721 (Bankr.W.D.Pa.2004) For that reason, the Court concludes that Mazza, through its counsel, has standing to raise a conflict of interest on KPC's part.

### Burden of Proof

With the foregoing obligation comes a corollary duty: The party moving to disqualify a firm on the basis of a conflict of interest bears the burden of proving the conflict. *Pittsburgh Corning, supra,* 308 B.R. at 729; *Brennan v. Independence Blue Cross,* 949 F.Supp. 305, 307 (E.D.Pa.1996). As the objector to the proposed retention of KPC, Mazza must come forward with evidence of why the engagement would be unethical.

### Concurrent Representation

Mazza contends that KPC is already representing a third-party in a pending lawsuit against Mazza. Mazza's Brief, 3. Mr. Parker admitted at the hearing that he represents another concession operator at the Faire, Ms. Tina Bowman. T-6. Rule 1.7 of the Rules of Professional Conduct provides that

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

5

> (1) the representation of one client will be directly adverse
> to another client; or
>
> (2) there is a significant risk that the representation of one
> or more clients will be materially limited by the lawyer's
> responsibilities to another client, a former client or a third
> person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of
> interest under paragraph (a), a lawyer may represent a
> client if:
>
> (1) the lawyer reasonably believes that the lawyer will be
> able to provide competent and diligent representation to
> each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a
> claim by one client against another client represented by the
> lawyer in the same litigation or other proceeding before a
> tribunal; and
>
> (4) each affected client gives informed consent.

Pa.R.P.C. 1.7  Mazza maintains that KPC's simultaneous representation of another Plaintiff against Mazza conflicts with KPC's duty to assist the Trustee in maximizing recovery against Mazza. Mazza's Brief, 7. KPC disputes that there is any conflict, arguing that its retention would be unethical only if it was also representing the Faire, or one of its employees. T-6

The Court does not find KPC's respective duties to be irreconcilable. The concurrent representation of the Trustee would not be directly adverse to the interests of Ms. Bowman. Both are simply plaintiffs against the same defendant. No actual conflict exists by virtue of this. Neither is there any apparent risk that the dual

6

representation would compromise counsel's ability to represent Ms. Bowman. Mazza argues that concurrent representation would mean that KPC would be litigating for two plaintiffs against a defendant with "limited resources." Mazza Brief, 7. If by this Mazza means that the Faire could not satisfy a judgment in favor of both plaintiffs, there is no proof offered that such is the case. The circumstances, in sum, simply do not indicate anything unethical, or potentially unethical, about KPC representing both the estate and Ms. Bowman.

**<u>Former Representation</u>**

The other ethical conflict identified by Mazza involves a former client of KPC. According to Mazza, KPC represented William and Deborah Hoffer, the people who sold their concession stand business to the Debtor.[5] Mazza maintains that if KPC were to litigate the Debtor's claims against the Faire, then the Hoffers would be adversely affected. Mazza's Brief, 7-8.

With regard to former clients, the Rules of Professional Conduct provide that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent." Pa. Rules Prof. Conduct 1.9(a)

As to where the adversity of interests lay, Mazza offers the following:

> Additionally, KPC represents an adverse interest to the

---

[5]Mr. Kelly testified that he no longer represents the Hoffers. T-6. He added that they have no objection to his firm being retained by the Trustee. *Id.*

7

> estate because of its representation of the Hoffers in connection with the sale to the Debtor of the two stands at issue in the underlying lawsuit. According to the Addendum [sic][6] to the Business Sales Agreement between the Debtor and Hoffers drafted by KPC, the Debtor will be relieved of his obligations to pay the remaining amount due to the Hoffers on the purchase price of the stands if the Trustee is not successful in the underlying litigation.

Mazza's Brief, 7. Mazza argues that adversity lies in the harm that KPC's retention by the estate would visit upon the Hoffers. Mazza posits that if KPC successfully prosecutes the litigation against Mazza, then the Hoffers can never expect to receive payment from the Debtor. The Court finds this premise to be without merit: because the Debtor filed this bankruptcy and scheduled the Hoffers' claim among his debts,[7] the Hoffers have no other recourse against him and their claim will be discharged in this case. Thus, the *sole means* by which the Hoffers might receive any payment *is from* the bankruptcy estate and that—assuming no other significant assets are available for liquidation—depends upon a successful outcome in the case against Mazza. So, far from posing a risk of conflicting interest as between the Hoffers and this bankruptcy estate, the interests of the Estate and the Hoffers appear to be aligned. *See Schwartz v. Prudential Insurance Co. (In re Kridlow)*, 1999 WL 97939 at *2 (Bankr.E.D.Pa. Feb. 19, 1999) (noting absence of conflict of interest where Trustee's choice of counsel formerly represented creditor because both have common interest) In sum, there is

---

[6]The document is entitled *Amendment* to Business Sale Agreement and is attached to Mazza's Objection as Ex. B.

[7]They are listed as being owed $300,000. *See* Schedule F. They filed a Proof of Claim for $260,000. *See* Claim #11.

8

neither actual nor potential adversity as between the interests of the estate and the Hoffers.

**Bias Against the Estate**

Mazza next contends that KPC holds an adverse interest to the estate because it is biased. Mazza's Brief, 8; *see also In Matter of 22 Acquisition Corp.*, 2004 WL 870813 at *3 (E.D.Pa. March 23, 2004) (noting that term "adverse interest" is understood to mean, inter alia, "a predisposition under circumstances that render such a bias against the estate.") As proof of that prejudice, however, Mazza adverts to the history between KPC *and the Debtor*. According to Mazza, KPC cited disagreement over how the case should proceed as irreconcilable differences necessitating its withdrawal. This indicates to Mazza that KPC is biased against the Debtor. Mazza Brief, 8.

That may be, but it is bias *against the estate* which is relevant. It is the estate—and not the Debtor—which would be KPC's client in this context. The estate's interests are not the same as the debtor's. KPC in fact has no prior history with the estate as it did not come into existence until December of last year. Thus, the claim of bias against the estate is unfounded.

**Best Interests of the Estate**

From bias, Mazza moves on to the estate's bests interest in considering KPC's appointment. Mazza recognizes the general rule that a debtor engaged in complex

9

litigation should not change counsel in the middle of the case[8] and so attempts to portray this litigation as relatively straightforward. The claims appear to involve unjust termination of the Debtor's right to operate his business at the Faire. Therefore, Mazza concludes, the litigation is not so complex that its prospects would be jeopardized if new counsel were retained. Mazza's Brief, 8-9.

The Court finds Mazza's argument to be beside the point. It is the trustee who decides, in her own business judgment, what is best for creditors, and the retention of a particular attorney as the right person to try a case is the trustee's to make. 3 *Collier on Bankruptcy* ¶ 327.04[1] ("Trustees may select their own attorneys, accountants and other professional persons without interference from creditors.") The Court will not substitute its judgment for that of a experienced bankruptcy trustee. *See also id.* (adding that it is "[o]nly in the rarest cases" that the trustee will be deprived of the ability to select qualified counsel.") Of course, if subsequent events demonstrate to the Trustee that different counsel should be retained she has the discretion to make a change.

## Scope of the Engagement

Where Mazza makes a valid point is with regard to the limits of the proposed retention. It maintains that in addition to the pending litigation which the Debtor commenced against Mazza, the application would engage KPC to pursue unspecified postpetition claims. *See* Mazza's Brief, 10 quoting Trustee's Application, ¶ 6. This,

---

[8] *In re Philadelphia Newspapers, LLC*, 416 B.R. 438, 445 (Bankr.E.D.Pa.2000) quoting 3 *Collier on Bankruptcy* ¶ 327.04[9][d]

10

Mazza concludes, is beyond the limit of a "special counsel." *Id.*

The Court is constrained to agree. Section 327(e) requires that the Trustee demonstrate, inter alia, that the proposed employment of special counsel is for a "specified, special purpose" other than "conducting the case." *Philadelphia Newspapers, supra* n.6., *citing In re Running Horse, L.L.C.,* 371 B.R. 446, 451 (Bankr.E.D.Cal.2007) The application's silence as to what any additional litigation might involve is insufficient for purposes of this section. Accordingly, the Court will approve retention of KPC for the specific purpose of pursuing the pending litigation between the Debtor and Mazza. Any other claims are outside the scope of its retention; however, expansion of the scope of KPC's retention can be sought if that later proves to be appropriate.

## Summary

The Trustee's Application to Employ Kelly Parker & Cohen will be approved in part. The firm's engagement is limited to the action pending in the Court of Common Pleas of Lancaster County, *Jon Jon at PRF, Inc. and David Kirchner v. Mazza Vineyards, Inc. t/d/b/a Pennsylvania Renaissance Faire and Mount Hope Estate & Winery*, CI-9-08437

An appropriate Order follows

By the Court:

Dated: May 5, 2010

Stephen Raslavich
Chief U.S. Bankruptcy Judge

11